**Michael Leo FAULK, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C9–85–503.**

Court of Appeals of Minnesota.

July 16, 1985.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by FORSBERG, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

Michael Leo Faulk appeals from an order sustaining the revocation of his driver's license pursuant to Minn.Stat. § 169.123 (1984). Appellant claims he was denied the right to consult with counsel prior to deciding whether to submit to chemical testing. We affirm.

## FACTS

The appellant was arrested on suspicion of driving while under the influence of alcohol on January 12, 1985 by an officer of the Columbia Heights Police Department. The officer read the appellant the implied consent advisory prescribed by Minn.Stat. § 169.123, informing appellant that he had the right to contact and consult counsel after submitting to testing.

Following testing, appellant's driver's license was revoked pursuant to Minn.Stat. § 169.123. Appellant filed a petition for judicial review and the trial court sustained the revocation of appellant's license.

## ISSUE

Does an individual have the right to contact counsel before deciding whether to submit to chemical testing pursuant to the Implied Consent Law, Minn.Stat. § 169.-123?

## ANALYSIS

Although the arguments raised by counsel for the appellant are persuasive, they have been addressed by the recent decision of *Nyflot v. Commr. of Public Safety*, 369 N.W.2d 512 (Minn.1985). *Nyflot* held that a driver who is arrested for driving while under the influence of alcohol has no statutory or constitutional right to consult with an attorney before deciding whether to submit to the chemical testing which is required by the implied consent statutes.

## DECISION

Affirmed.